## Case No. 525.

### The ARIADNE.

[7 Blatchf. 211.][1]

Circuit Court, S. D. New York. April, 1870.[2]

COLLISION—BETWEEN STEAM AND SAIL—LIGHTS AND LOOKOUTS.

1. Where a collision occurred at sea, at night, between a brig and a steamer, whereby the brig was sunk, she having been struck on her starboard side by the steamer's stem, and it appeared that the starboard side-light of the brig was not so burning at the time that it could be seen from the steamer: *Held*, that the brig being thus in fault, the steamer could not be held liable for the collision, unless some fault on her part was shown, so concurring with the fault of the brig, as to warrant a claim to contribution.

[Cited in The Sunnyside, Case No. 13,620; The City of Merida, 24 Fed. 236.]

[See note at end of case.]

2. Vessels have a right to assume that other vessels, if in their neighborhood in the night, are acting in obedience to the statute regulations; and when, by reason of the neglect of the brig to carry a proper light, she was not seen in time to enable the steamer to avoid a collision, the brig cannot insist that, by extraordinary vigilance, she might have been discovered from the steamer at a few yards greater distance, and claim contribution on that ground.

[See note at end of case.]

In admiralty. This was a libel in rem, filed in the district court [by Archibald M. Pentz and others, owners of the brig William Edwards] against the steamer Ariadne, [Charles Mallory, claimant,] to recover for the damages sustained by the libellants, by the sinking of a brig owned by them, through a collision, which took place between her and the steamer at sea, the steamer having struck, stem on, the starboard side of the brig. The district court dismissed the libel, [The Ariadne, Case No. 524,] and the libellants appealed to this court. [Decree affirmed. On appeal to the supreme court, the decree was reversed in 13 Wall. (80 U. S.) 475. See note to The Ariadne, Case No. 524.]

John E. Parsons, for libellants.

Edward H. Owen and Charles Donohue, for claimant.

WOODRUFF, Circuit Judge. After a careful study of the evidence in this cause, aided by the able argument of the counsel for the libellants, and his full written brief, I cannot resist the conclusion that the misfortune which befel the vessel of the libellants, was due to the fact that, at the time of the approach of the Ariadne, the starboard or green light of the brig had gone out, or so nearly so that it could not be seen from the steamer. There is, undoubtedly, much conflict in the testimony, but the evidence on the part of the libellants, though it be taken to establish that the light was trimmed and bright twenty minutes or half an hour before the collision, is not inconsistent with the assumption that, either by smoke or other imperfection, it had become nearly invisible within that time, while there is much evidence in the testimony of the libellants' own witnesses which warrants that assumption. They had had much trouble with the lights, the binnacle light, fed by the same oil, required frequent attention to prevent its going out, the side-lights required trimming once, twice, and even three times, during a single watch, and, when the starboard light was last brought from the cabin and put up, it was flaring. When to this added the uniform testimony of every man who testified in behalf of the claimant, that no light could be seen from the steamer, it is clear that, in this respect, the libellants stand with a preponderance of testimony against them. And this is so without imputing wilful falsehood to their witnesses, no one of whom, I think, professes to have inspected the green-light after it was put up, twenty minutes or half an hour before the collision.

Now, in such case, the libellants cannot recover, unless they show fault in the steamer, so concurring with their own as to warrant a claim to contribution. Indeed, the only ground for recovery, even if the brig was free from fault, would be either that the steamer might and ought to have sooner seen the brig, or that, when she did see the brig she did or omitted something which she ought not to have done or omitted. On this point the burthen of proof is upon the libellants.

It is true that, in circumstances of apparent danger, where there is reason to apprehend collision, instant and extraordinary diligence is the duty of a steamer seeing and approaching a sailing vessel, so as to avoid her if possible. But vessels have right to assume that other vessels, if in their neighborhood, are acting in obedience to the statute regulations; and, where the negli-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

gence of the sailing vessel, and her failure to comply with the statute requiring her to bear a light which can be seen at a distance of two miles, have led the steamer into danger of collision, it is not for the sailing vessel to insist that, by more than usual vigilance, she might, nevertheless, have been discovered at a few yards greater distance, and to claim contribution on that ground. In this case, I think there is a failure to show that the brig could have been seen from the steamer sooner than she was. Certainly, the proof does not show it so clearly as to warrant a decree declaring the steamer in fault.

When the brig was discovered, I do not perceive that any thing was omitted which could have tended to save the brig. The steamer's helm was hove a-starboard. and her engine was stopped and reversed. The propriety of these manoeuvers cannot be questioned. They were done immediately, and the manner of the blow shows that they were very nearly effectual to cause the steamer to pass astern of the brig.

Without discussing the very prolix testimony of the various witnesses, it must suffice to add that, upon a most pains-taking consideration of the case, I think the conclusions of the district court were correct, and that the libellants have failed to put the steamer in fault.

The decree must be affirmed, with costs.

[NOTE. On appeal to the supreme court this decree was reversed, with directions that a decree be entered dividing the damages between the steamer and the brig, for the reason that proper vigilance on the part of the steamer's lookout might have avoided the disaster. The Ariadne, 13 Wall. (80 U. S.) 475. See note to The Ariadne, Case No. 524.]